UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE PATRICK,

        Petitioner,         Case Number: 2:05-CV-70217

v.        HON. NANCY G. EDMUNDS

JOHN CASON,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Andre Patrick has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate who is currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, challenges his conviction for first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. Respondent has filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus on the ground that the petition was not timely filed.

**I.**

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree murder, assault with intent to murder, and felony firearm. On October 10, 1991, he was sentenced to life imprisonment for the murder conviction,

twenty-five to fifty years imprisonment for the assault conviction, to be served concurrently with one another and consecutively to a term of two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Did the prosecutor commit reversible error when he sought to bolster his case by explaining to the jurors that the dying declaration was admitted because it was determined by law to be particularly reliable?
>
> II. Did the trial court commit reversible error when it admitted evidence that Mr. Patrick was arrested in the possession of identification which bore his likeness but indicated a name other than his legal name?
>
> III. Did the prosecutor commit reversible evidence when he argued that the evidence that defendant had a gun was undisputed?

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Patrick, No. 145843 (Mich. Ct. App. June 2, 1994).

Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. See Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated June 13, 2005.

On April 15, 2001, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims: (1) Petitioner was entitled to a new trial based upon newly discovered evidence; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) prosecutorial misconduct; and (5) trial court failed to transcribe motion in limine. The trial court denied the motion. People v. Patrick, No. 91-

00427 (Wayne County Circuit Court Feb. 14, 2003).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, presenting the same claims presented to the trial court. Both Michigan appellate courts denied leave to appeal. People v. Patrick, No. 253383 (Mich. Ct. App. March 15, 2004); People v. Patrick, No. 125967 (Mich. Oct. 25, 2004).

Petitioner filed the pending petition for a writ of habeas corpus on January 15, 2005.

## II.

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal

court.  Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. Limitations (May 24, 2004).

In the pending case, Petitioner appealed his conviction to the Michigan Court of Appeals, which issued an opinion affirming his conviction on June 2, 1994.  Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal.  Petitioner did not timely file an application for leave to appeal to the Michigan Supreme Court.  Thus, his conviction became final when the time for seeking such review expired, July 28, 1994.  *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same).  Because Petitioner's conviction became final prior to the AEDPA's effective date, the one-year limitations

period commenced on April 24, 1996, when the AEDPA became effective. The one-year limitations period continued to run, uninterrupted, until it expired on April 24, 1997. The filing of Petitioner's motion for relief from judgment on April 15, 2001, did not serve to statutorily toll the limitations period because the limitations period already had expired.

Petitioner argues that the limitations period should be equitably tolled because he mailed a motion for relief from judgment to the trial court on March 3, 1997, but, for reasons unknown to Petitioner, the motion was never filed.

The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap v. U.S., 250 F.3d 1001, 1008 (2001).

An essential component of the doctrine of equitable tolling is a petitioner's diligent pursuit of federal habeas relief. *See, e.g.,* Morgan v. Money, 2000 WL 178421 (6th Cir. Feb. 8, 2000) (holding that a petitioner must show that he exercised due diligence in pursuing § 2254 relief to support equitable tolling). *See also* Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that petitioner "did not meet the high threshold for obtaining [equitable tolling] because he did not act diligently to pursue his ineffective assistance of appellate counsel claim in either state or federal court"); Craddock, 2000

WL at *2 ("The doctrine of equitable tolling is not applicable in this case because [petitioner] did not diligently pursue federal habeas relief"); Jones v. Gundy, 2000 WL 745411 (W.D. Mich. June 8, 2000) (rejecting a petitioner's argument for equitable tolling where petitioner did not diligently pursue his rights and failed to provide any explanation to excuse such failure).

Petitioner claims that he is entitled to equitable tolling of the limitations period because he mailed a motion for relief from judgment to the trial court on March 3, 1997, but the trial court lost his motion and the motion, therefore, was never filed. Petitioner states that he did not learn that the motion had not been filed until November 15, 2000. Petitioner mailed another motion for relief from judgment to the trial court on April 15, 2001.

For purposes of this analysis, the Court will assume that Petitioner is entitled to equitable tolling of the limitations period from the date he claims to have mailed his first motion for relief from judgment to the trial court, March 3, 1997, until the date he learned that the motion was not filed, November 15, 2000. The petition, nevertheless, is untimely. The one-year limitations period commenced on April 24, 1996, the AEDPA's effective date. It ran, uninterrupted, until March 3, 1997, when Petitioner states that he mailed a motion for relief from judgment to the trial court. At that point, 52 days of the one-year limitations period remained. On November 15, 2000, Petitioner learned that his motion for relief from judgment had not been filed. Petitioner, consequently, may not claim entitlement to equitable tolling after that date. Thus, the limitations period, of

which 52 days remained, resumed running on November 15, 2000. The limitations period expired on January 6, 2001. Petitioner filed his second motion for relief from judgment on April 15, 2001, over three months after the limitations period expired.

Accordingly, the Court concludes that the habeas petition was not timely filed.

### III.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager